## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

City of Virginia Beach

v.

Kerry Stephen Todd

May 4, 1988

Case No. CR88M-370

By JUDGE AUSTIN E. OWEN

I have received and reviewed Mr. Padrick's letter memorandum of March 29, 1988, and Mr. Byman's letter in response of April 20, 1988.

My notes reflect that at the hearing on March 28, 1988, it was agreed that counsel would provide the court with relevant authorities, and further proceedings were continued to May 9, 1988. I do not know if counsel intended to present oral argument on May 9, 1988, or expected the court to rule prior thereto so that the matter might be concluded on May 9, 1988.

This letter will express the Court's present views but will not preclude oral argument on May 9, 1988, should counsel so desire.

The defendant is before this court on appeal from the General District Court of this city upon a warrant charging the operation of a motor vehicle while under the influence of alcohol or other self-administered intoxicant or drug in violation of Section 21-336(a) of the Code of the City of Virginia Beach. Section 21-336(a) copies the Virginia Code Section 18.2-266.

Defendant on March 9, 1988, filed a "Motion for Bill of Particulars" asking the city to describe "with particularity which one of the three parts of the code section it intends to proceed." On March 11, 1988, the city of

Virginia Beach filed a "Bill of Particulars" stating that: "Defendant is charged under both Sections 21-336(i) and (ii) based upon the city's evidence that he was visibly under the influence of alcohol and further, that his blood alcohol content exceeded .10 per cent by weight."

Thereafter, and on March 21, 1988, defendant filed a "Motion to Elect" requesting the court to order the city to elect which Code Section (obviously meaning subsection) they are proceeding under.

It is this latter motion that counsel addressed in their above-mentioned letters of March 29, 1988, and April 20, 1988.

The defendant cites two opinions of the Attorney General of Virginia in support of his Motion to Elect. The opinion of October 3, 1983, responded to an inquiry as to whether a conviction of violation of Virginia Code Section 18.2-266(i) constituted a conviction of "driving or operating a motor vehicle while under the influence of intoxicants or drugs in violation of Section 18.2-266" within the meaning of the Habitual Offender statute, Section 46.1-387.2. The Attorney General responded in the affirmative and concluded that, "Thus, subsections (i) and (ii) of 18.2-266 each proscribe the same act."

The Attorney General's opinion of August 1, 1984, addressed two questions. The first was as to whether driving under the influence of alcohol as prohibited in Section 18.2-266(ii) is a lesser included offense of 18.2-266(i) (driving with a B.A.C. of 0.15 per cent or greater)? The Attorney General answered "no" because different elements are involved. The second was whether a conviction under 18.2-266(i) will bar prosecution under 18.2-266(ii) for the same driving occasion? The answer was "yes" because a conviction under any subsection prohibits a *retrial thereafter* for a violation of any remaining sub-paragraph where the violation arises out of the same transaction.

Neither opinion of the Attorney General addresses the question of the right of a defendant to require the prosecution to elect, *before trial*, under which subsection of a statute it intends to proceed. Counsel have not suggested and the court is not aware of any Rule or Statute setting forth an obligation to elect.

Virginia Code Section 18.2-230 provides for a Bill of Particulars and Section 18.2-231 provides for amendments

to indictments, etc. to conform to proof "at any time before the jury returns a verdict or the court finds the accused guilty or not guilty . . . ." As recently as the case of *Martin v. Warden*, 2 Va. App. 6 (1986), it has been stated that even indictments which are fatally defective may be amended and has been noted that liberal amendments are permitted by the Supreme Court of Virginia. The only limitation is that an amendment may not change the nature or character of the offense charged.

To impose a judicial requirement that the prosecution must elect before trial between particular subsections of a statute allegedly violated would seem to thwart the legislative intent declared in the right to liberally amend to conform to proof.

Indication of the legislative intent is further found in the one situation in which, by statute, the prosecution is required to elect. Virginia Code Section 18.2-111, relating to the offense of embezzlement, contains a provision that "On the trial of every indictment for larceny, however, the defendant, if he demands it, shall be entitled to a statement in writing from the Attorney for the Commonwealth designating the statute he intends to rely upon to ask for a conviction."

Section 18.2-111 does *not* require the prosecution to specify anything more than the *statute* relied upon. In the case of *Roberts v. Commonwealth*, 230 Va. 264 (1985), Chief Justice Carrico, having noted that the defendant, indicted for grand larceny, was convicted by a jury of the lesser-included offense of receiving stolen property, stated, at page 267:

> In the trial court, the defendant argued that he needed the 18.2-111 statement so he would know "what [the Commonwealth's Attorney] intends to do with reference to . . . receiving stolen goods." On brief in this Court, the defendant refines his argument, saying the trial court should have required the Commonwealth's Attorney to state in writing the [Code] section dealing with stolen goods.
>
> In oral argument, however, the defendant conceded that an accused may be convicted of receiving stolen property as a lesser-included

offense under an indictment charging grand larceny. While the defendant *could* have been indicted for receiving stolen property under Code Section 18.2-108, nothing required that he be so indicted, and *he was told all he needed to know when the Commonwealth's Attorney stated the prosecution was relying upon the "general statute" applicable to grand larceny. As the prosecutor explained, the "general statute . . . brings in the lesser-included offense of receiving stolen property."* (Emphasis added.)

Thus we see that in the only instance where, by statute, the prosecution is required to specify, designation of the broad statute is all that is required. In the absence of any statutory requirement, this court is not willing to judicially mandate a more detailed specification as defendant now requests.

Unless persuaded otherwise by oral argument or authority not presently known to the court, the court intends to deny and overrule defendant's Motion to Elect.